IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**APEX COLLISION CENTER CLOVIS, LP,**

   *Plaintiff,*

vs.                                                             **NO. 21-cv-841-DHU-JHR**

**SECURITY NATIONAL INSURANCE
COMPANY,**

   *Defendant.*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. 45). Plaintiff Apex Collision Center Clovis ("Plaintiff") brought a Complaint against Defendant Security National Insurance Company ("Defendant") alleging three counts: (1) breach of contract, (2) violations of the prompt payment of claims statute,[1] and (3) insurance bad faith. Plaintiff's claims arise from alleged underpayment on an insurance claim for Plaintiff's building, which was insured by Defendant.[2] Defendant now requests this Court reconsider its prior order denying summary judgement to Defendant. For the reasons set forth below, Defendant's request is **DENIED**.

### I.    FACTUAL BACKGROUND

Plaintiff filed its complaint in state court, which was then removed by Defendant to this Court on August 26, 2021. *See* Doc. 2 (Notice of Removal). On December 9, 2021, Defendant filed for summary judgement, arguing primarily that Plaintiff did not file its suit in a timely

---

[1] The statute in question is NMSA § 59A-16-20 (failure of Defendant to pay for losses and/or follow the statutory time guidelines for accepting or denying coverage.)

[2] Plaintiff's Complaint alleges that its building was damaged by a severe thunderstorm that included large hail, violent winds, and a tornado.

manner. *See* Doc. 24 (Motion for Summary Judgement.) On August 15, 2023, after careful consideration of the briefing, this Court denied summary judgement, finding that the time-to-sue provision for the insurance agreement was ambiguous and therefore summary judgement was inappropriate.[3] *See* Doc. 43.

On September 12, 2023, Defendant filed a motion for reconsideration arguing that the right-to-sue provision was not ambiguous, and Plaintiff's claims were thus time-barred. *See* Doc. 45. Plaintiff failed to respond to this motion. On January 31, 2024, this Court issued an Order to Show Cause, requiring Plaintiff to explain its failure to respond to the motion, and indicating failure to do so would render the motion unopposed. *See* Doc. 49. Plaintiff responded to the Order to Show cause and the Motion for Reconsideration on February 14, 2024, and briefing was completed on the motion in late February.

## II.     LEGAL STANDARDS

Motions for reconsideration should be granted in three different circumstances: (1) a significant change in controlling law, (2) new evidence has come to light that was previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

---

[3] The time-to-sue provision was a critical determination for other issues that Defendant sought summary judgement on, *and* the question of whether estoppel rendered the right-to-sue provision irrelevant was determined to be a jury issue under New Mexico law. *See Green v. General Accident Ins. Co. of Am.*, 1987-NMSC-111, ¶ 11, 106 N.M. 523; *See also* Doc. 43.

## III. DISCUSSION

As a preliminary matter, the Court finds that there was good cause justifying Plaintiff's delay in responding to Defendant's motion.[4] Given that it is the Tenth Circuit's position that cases should be resolved on their merits wherever possible, as opposed to procedural issues, the Court will evaluate Plaintiff's arguments in response to Defendant's motion. *See, e.g., U.S. ex rel. Precision Co. v. Koch Indus., Inc.,* 31 F.3d 1015 (10th Cir. 1994) (emphasizing the preference for pleadings to be determined based on their merits rather than their procedural failures); *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir.1982) (litigants should be given "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.")

Regarding the Motion to Reconsider, Defendant has not convinced the Court under the legal standard set forth in *Servants of Paraclete* that it should reconsider its position regarding Defendant's motion for summary judgement. Defendant does not highlight a change in law, new evidence, or this Court's clear error. For example, Defendant writes, "[t]he Court denied summary judgment on the basis of the two-year time-to-sue provision was ambiguous, and, therefore, a jury must decide whether the time-to-sue provision applied to Apex's claims. But the language of time-to-sue provision is not ambiguous." Doc. 45 at 6. This argument is identical to what Defendant has argued in previous briefings, and therefore it does not justify granting its motion.[5] The other arguments presented by Defendant in its motion, that there is no evidence that

---

[4] Plaintiff explained that there was a mistake in interpreting the local rules and that Apex did not intend to convey consent to the motion for reconsideration by not responding promptly to Defendant's motion. *See* Doc. 50 (Plaintiff's Resp. to Court's Show-Cause Order).

[5] Defendant argues that no party claimed that the time-to-sue provision was ambiguous and therefore they did not have a chance to respond. That is a significant mischaracterization of the Court's previous order. Instead, the Court's previous order recognized that Defendant and

Defendant waived its right to invoke the time-to-sue provision and that Plaintiff's claims were not within the applicable two-year time-to-sue provision, similarly fail because they do not address the Tenth Circuit's standards for reconsideration. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995) (rejecting a motion for reconsideration where the moving party "failed to meet any of the three requirements for granting reconsideration, i.e., an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.")

### IV.   CONCLUSION

Defendant has failed to prove that the Court's former order in this case denying summary judgement misinterpreted the law, that there is new evidence for the court to review on this issue, or that the previous order included clear error. Therefore, Defendant's Motion for Reconsideration (**Doc. 45**) is **DENIED**.

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

Plaintiff presented the Court with different readings of the right-to-sue provision, both of which were reasonable, and the Court could not resolve the issue on summary judgement and the issue would be for the jury to determine. Summary judgement is only appropriate when the terms of a contract are clear and unambiguous. *See Mark V, Inc. v. Mellekas*, 1993-NMSC-001, 114 N.M. 778, 845 P.2d 1232.